## U. T. HUNGERFORD BRASS & COPPER CO. v. JOHN T. BRADY & CO.

(Supreme Court, Appellate Division, First Department.   May 5, 1916.)

PLEADING ⊙⟲246(1)—AMENDMENT—SUFFICIENCY OF ALLEGATIONS.

> Under allegations of a complaint that plaintiff delivered materials to a subcontractor, under agreement with the owner to make its checks payable to the subcontractor, and secure an assignment from him, and deliver such checks to plaintiff, and a breach thereof, it is immaterial to whom the material was sold, and it was error to require an amendment to the complaint to state the buyer.

> [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 676–678, 681–683; Dec. Dig. ⊙⟲246(1).]

Appeal from Special Term, New York County.

Action by the U. T. Hungerford Brass & Copper Company against John T. Brady & Co. From an order directing plaintiff to serve an amended complaint, it appeals. Reversed.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SMITH, and PAGE, JJ.

Frank M. Avery, of New York City (Earl A. Darr, of New York City, on the brief), for appellant.

Frederick R. Ryan, of New York City, for respondent.

LAUGHLIN, J.   There is no allegation in the complaint that the copper was sold, and the action is not brought to recover for the sale and delivery thereof.   In a former action by the plaintiff against the defendant herein, brought to recover the purchase price of the copper on the theory of a sale thereof to the defendant, the plaintiff recovered a judgment, but on appeal the judgment was reversed, and the complaint was dismissed by this court, upon the ground that the facts proved did not entitle the plaintiff to recover on the theory of a sale to the defendant.   169 App. Div. 917, 153 N. Y. Supp. 1148.   This action was then brought to recover the value of the copper, not on the theory of a sale and delivery thereof to the defendant, but on the ground that the defendant was guilty of a breach of its contract to draw its checks to the order of A. Schwoerer & Sons for the agreed price and value of the copper, on delivery of the copper by the plaintiff to that corporation, and to procure the indorsement of the checks by that corporation, and to deliver the same to the plaintiff.

It is alleged in the complaint that the defendant was the general contractor for the erection of the hospital building, and that A. Schwoerer & Sons was a subcontractor for the construction of the copper work, including the furnishing and erecting thereof; that the subcontractor was desirous of obtaining the copper from the plaintiff, but that the plaintiff refused to furnish the copper on its credit, and so notified the defendant, and that it was thereupon agreed between the plaintiff and the defendant that the plaintiff would deliver the copper to the subcontractor, and send the bill therefor to it, and a duplicate thereof to the defendant, and that payment would be made by the defendant to the plaintiff within 30 days after delivery, by checks to the order of the subcontractor, to be indorsed by it and immediately mailed to the plaintiff; and in two separate counts it is alleged that the copper was delivered pursuant to said agreement, and that plaintiff fully performed on its part, but that, although more than 30 days have elapsed since the delivery of the copper, the defendant failed to perform the contract on its part, in that it failed to draw its checks to the order of the subcontractor and have them indorsed by it and forwarded to the plaintiff, and failed to pay the plaintiff for the copper, and in each count the agreed price and reasonable value of the copper therein alleged to have been delivered is set forth as due and owing from the defendant to the plaintiff on account of its breach of the contract.   On these allegations it is not material to whom the copper was sold, and it was error to require the plaintiff to make its complaint more definite and certain by specifying to whom it was sold.

It follows that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs.   Order filed.   All concur.